IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


IN RE:                              §
                                    §           MISCELLANEOUS NO. H-05-037
HARRY AGATEP, *Deserted Seaman*     §


                       **MEMORANDUM OPINION AND ORDER**


On January 18, 2005, seaman Harry Agatep deserted the United States Flagship Diligence while it was berthed at Freeport, Texas. Agatep was employed by the vessel's operator, Meritrans Operating Company, L.P. Pursuant to 46 U.S.C. § 11505, Meritrans deposited $855.80 into the registry of the court. Meritrans states that this amount constitutes Agatep's earned wages less transportation costs incurred in returning Agatep's replacement to Houston, Texas, at what would have been the completion of Agatep's tour. Agatep has submitted a request that the $855.80 be paid to him, and he has included proof of his identity. He has not challenged his status as deserter or otherwise explained the circumstances surrounding his January 18, 2005, departure from the Diligence.

Desertion is a seaman's unconsented abandonment of duty by quitting the ship before the termination of the engagement specified in the articles he signed, without justification, and with the intention of not returning. Maritime Overseas Corp. v. Ebner, 697 F.2d 701, 703 (5th Cir. 1983). The United States Code classifies desertion as an "offense[]" for which a "seaman shall be

punished" with the forfeiture of "any part of the money or property the seaman leaves on board and any part of earned wages." 46 U.S.C. § 11501(1). Forfeited wages or property "may be applied to compensate the owner or master of the vessel for expenses caused by desertion," and "[t]he balance shall be transferred to the appropriate district court of the United States." 46 U.S.C. § 11505(a).

A seaman is entitled to wages transferred to the district court under 46 U.S.C. § 11505 only if he demonstrates that he was improperly logged as a deserter.[1] In Petition of Ritchie, 130 F.Supp. 645 (N.D. Cal. 1955), for example, the court concluded that the petitioner was not a deserter since he had left his vessel after it reached its final destination, and thus he was entitled to a sum that had been deposited in the court's registry as forfeited wages. Id. at 646-47. In another case in which a seaman sought to recover a sum paid to the court as forfeited wages, Petition of Scott, 143 F.Supp. 175 (N.D. Cal. 1956), the court rejected the petitioner's claim that he had been justified in leaving his vessel without permission because of threats to his safety and cruel treatment. Id. at 176. The court recognized that under some circumstances the conduct of the master or the ship's officers might justify what would otherwise be desertion, but it was not

---

[1] When a master records a seaman as a deserter in the ship's official logbook, he creates a prima facie case of desertion. See Maritime Overseas Corp., 697 F.2d at 703. There is then a rebuttable presumption that the seaman is a deserter. See id.

persuaded that the petitioner's situation involved such circumstances. Id. at 176-177. The court therefore concluded that the "petitioner was a deserter and properly logged as such" and that "he forfeited his wages." Id. at 177. See also Petition of Landrith, 298 F.Supp. 1213, 1214 (S.D. Tex. 1969) (concluding that the petitioner was a deserter and ordering that his wages be forfeited).

In this case, Meritrans has submitted a copy of the Diligence's January 18, 2005, log. Signed by the vessel's "master," the log reflects that Agatep quit the ship "without a proper relief." Agatep provides no evidence or argument that this entry is incorrect and that he was not a deserter. Agatep has therefore failed to overcome the presumption that he was a deserter, and he is not entitled to the wages transferred to the court's registry under 46 U.S.C. § 11505.

## Order

Agatep's request that the $855.80 deposited into the registry of the court be paid to him is **DENIED**. The $855.80 and any accumulated interest is hereby **FORFEITED** to the United States.

**SIGNED** at Houston, Texas, on this the 14th day of June, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE